455 So.2d 793 (1984)
RED ENTERPRISES, INC., a Mississippi Corporation
v.
PEASHOOTER, INC., a Louisiana Corporation.
No. 55043.
Supreme Court of Mississippi.
September 5, 1984.
*794 Merrida P. Coxwell, Jr., Houghton F. Elias, Jr., Stanfield & Holderfield, Jackson, for appellant.
John M. Mooney, Jr., Mark Simon, Sullivan, Sullivan, Blount & Mooney, Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and ROBERTSON and SULLIVAN, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
The Circuit Court of Rankin County, Honorable R.L. Goza, presiding, directed a verdict in favor of Peashooter, Inc. and against Red Enterprises, Inc. in the sum of fifteen thousand dollars ($15,000) on a promissory note, and five thousand dollars ($5,000) attorney's fee, aggregating twenty thousand dollars ($20,000). Judgment was entered in that amount, and Red Enterprises, Inc. has appealed to this Court.
The sole question presented on the appeal is whether or not the lower court erred in refusing to allow appellant the right to amend its answer or to grant a continuance.
Appellant executed a demand promissory note April 30, 1981, in the amount of $15,000 payable to appellee. The note provided for reasonable attorneys' fees. On March 7, 1983, appellee filed suit in the Circuit Court of Rankin County, Mississippi, alleging that the appellant had failed to make any payments on the note, and sought judgment in the full amount of $15,000, together with reasonable attorneys' fees. The appellant answered the complaint on April 6, 1983, denied that it owed appellee anything by reason of the promissory note, but failed to state the affirmative defense of accord and satisfaction.
When the appellee rested its case, appellant attempted to prove accord and satisfaction, viz, that it had sold appellee a one-half (1/2) interest in a 1972 International Harvester tractor with a Great Dane trailer. Appellee objected to the introduction of that evidence on the ground that accord and satisfaction is an affirmative defense, was not affirmatively pled, and that appellee was not prepared to meet the defense. Appellant had not denied execution of the note and its only defense to the suit was accord and satisfaction and payment. The lower court sustained the objection to the introduction of such evidence, but permitted appellant to make a proffer of same and state its defense. At the conclusion of the proffer, the lower court directed a verdict and entered judgment for the appellee in the sum of $20,000.
The appellee relies upon Rule 8(c), Miss. Rules of Civil Procedure, which states:

Affirmative Defenses. In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been proper designation.
Appellant contends he should have been permitted to amend his answer under Rule *795 15(b), Miss.Rules of Civil Procedure, which states:

Amendment to Conform to the Evidence. When issues not raised by the pleadings are tried by expressed or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in the maintaining of his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence. The court is to be liberal in granting permission to amend when justice so requires.
Appellee argued to the lower court and here that permitting appellant to amend its answer and plead accord and satisfaction during the trial would result in prejudice to it. Prejudice relied upon was that appellee is a non-resident party; it would be economically prejudicial for the president of the corporation to be required to return to the State of Mississippi for another trial; and the county would be required to select new jurors. The appellant contended that the president of the company, Peashooter, Inc., one Tommy Wilmouth, was present in court; that he was the only person from appellee corporation who had knowledge of the accord and satisfaction agreement, since he was the individual who entered into the agreement on behalf of appellee; and that no prejudice would result to appellee. Further, appellant requested the court to continue the case, in the event the court was of the opinion prejudice would result to appellee, and to assess all costs against appellant.
In Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), Foman sued to recover on an oral promise made by his father. Suit was dismissed on the ground that the oral agreement was unenforceable under Massachusetts law, and Foman sought to amend the complaint to recover quantum meruit. The First Circuit Court of Appeals affirmed the district court and denied Foman leave to amend because there was nothing to show that the district court abused its discretion. The United States Supreme Court reversed, stating:
Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded ... if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason  such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.  the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules. [371 U.S. at 182, 83 S.Ct. at 230, 9 L.Ed.2d at 226]
We see no conflict between the rules set out supra. Rule 8(c) simply provides that certain affirmative defenses be set forth as affirmative matter. Rule 15(b) provides how and when amendments to the pleadings may be made, and that "The court may grant a continuance to enable the objecting party to meet such evidence. The court is to be liberal in granting permission to amend when justice so requires."
*796 We recognize that the matter of amendments to pleadings is properly addressed to the discretion of the lower court. Deposit Guaranty National Bank v. D.A. Biglane, 427 So.2d 945 (Miss. 1983); Helton v. Evans, 208 So.2d 778 (Miss. 1968). Also, granting or denying continuances is within the sound discretion of the lower court. Bay Springs Forest Products, Inc. v. Wade, 435 So.2d 690 (Miss. 1983); Rogers v. Rogers, 290 So.2d 631 (Miss. 1974); F.B. Walker & Sons, Inc. v. Rose, 223 Miss. 494, 78 So.2d 592 (1955). Notwithstanding, Rule 15(b) provides that the Court is to be liberal in granting permission to amend when justice so requires.
In the case sub judice, we do not find that, in granting the amendment, prejudice would have resulted to the appellee, as opposed to the proposition that justice required the amendment. The appellant denied that it owed the amount of the note to appellee, even though it did not deny having executed the note. The logical conclusion left was that payment had been made. Simple interrogatories would have shown why appellant contended he did not owe the amount of the note. The president of Peashooter, Inc. was physically before the court and, apparently, was the only person from Peashooter, Inc. who knew about the alleged accord and satisfaction agreement.
We are of the opinion that, under the facts of this case, the lower court should have granted the amendment setting up accord and satisfaction and the failure to do so constituted reversible error. The judgment of the lower court, therefore, is reversed, and the cause is remanded to the lower court for a new trial.
REVERSED AND REMANDED.
WALKER, P.J., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, concur.
PATTERSON, C.J., not participating.