788 So.2d 822 (2001)
Iris M. WILNER, Appellant
v.
M. Neal WHITE, III, M.D., Gulf Coast Ob/Gyn, Inc., Calvin George Durel, Jr., M.D. and Pascagoula Anesthesia Ltd., Appellees.
No. 2000-CA-00007-COA.
Court of Appeals of Mississippi.
April 24, 2001.
Rehearing Denied June 26, 2001.
Anthony M. Butler, Henri M. Saunders, Baton Rouge, LA, Attorneys for Appellant.
John A. Banahan, James H. Heidelberg, Pascagoula, Attorneys for Appellees.
Before KING, P.J., IRVING, and PAYNE, JJ.
KING, P.J., for the Court:
¶ 1. Iris M. Wilner has appealed from the dismissal of her personal injury action by the Jackson County Circuit Court. Wilner's original complaint, filed against Singing River Hospital System, Nurse L. Runnels and John Does 1-4, alleged that she was injured in a diagnostic laparoscopy performed on January 27, 1997, at the Singing River Hospital in Pascagoula, Mississippi. This complaint was later amended to include Dr. M. Neil White, III, Gulf Coast OB-GYN, P.A., Dr. Calvin George *823 Durel, Jr., and Pascagoula Anesthesia, Ltd. Singing River and Runnels filed an answer to both the original and amended complaints. The other named parties filed motions to dismiss, alleging that the amended complaint was improper since no order had been entered, which permitted it to be filed. Finding that the trial court abused its discretion in dismissing this action, we reverse and remand for proceedings consistent with this opinion.

FACTS
¶ 2. About January 27, 1997, Wilner was admitted to Singing River Hospital to undergo a diagnostic laparoscopy for the purpose of relieving symptoms associated with endometriosis. Other than those symptoms, Wilner claimed to have been in excellent overall physical condition. Wilner, who was employed by Halter Marine as a ship fitter/tacker, performed the duties of this position, including strenuous manual labor, up to the date of the laparoscopic procedure. This procedure was performed by Dr. White, with the assistance of Nurse Runnels and other members of the Singing River Hospital staff. The procedure was done under a general anesthesia, administered by Dr. Durel. Upon awakening from her procedure, Wilner complained of pain, weakness, and numbness in her lower left extremity. She claims that these symptoms have never completely subsided.
¶ 3. Pursuant to Miss.Code Ann. § 11-46-11, on September 8, 1997, Wilner gave Singing River Hospital notice of her intent to file suit. Suit was filed on February 12, 1998. Singing River filed its answer to the original complaint on March 10, 1998. Nurse Runnels filed a 12(b)(6) motion to dismiss on April 9, 1998. On January 27, 1999, Wilner filed a motion to amend complaint and an amended complaint. Singing River filed its answer to Wilner's amended complaint on March 17, 1999. Nurse Runnels answered Wilner's original complaint on March 17, 1999, at which time she also answered Wilner's amended complaint.
¶ 4. Neither Dr. White nor Dr. Durel was named as a defendant in Wilner's original complaint; however, each was aware of the lawsuit from its inception and gave deposition testimony in connection with the lawsuit. In his deposition testimony, Dr. Durel stated that he examined Wilner when she awoke in stage one recovery complaining of problems with her left leg. He further stated that he determined, by touching and pinching, that she had a loss of sensation in her lower left leg from the knee down. Wilner explains that she did not name Drs. White and Durel as defendants in the original complaint because she thought that through the discovery process, she might be better able to determine, with a greater degree of specificity, whom to hold liable for the acts or omissions that caused her injury.
¶ 5. As previously stated, on January 27, 1999, Wilner filed her motion to amend and an amended complaint naming Dr. White, Gulf Coast OB-GYN, P.A., Dr. Durel and Pascagoula Anesthesia, Ltd. as additional defendants, each of whom was served with process within 120 days of the filing of the amended complaint and each of whom responded by filing a motion to dismiss. The motions to dismiss and Wilner's motion to amend were all heard by the trial court on November 5, 1999, at which time the motions to dismiss were granted and Wilner's motion to amend was denied.

ISSUE AND ANALYSIS

Whether the trial court erred in denying the motion to amend complaint and granting the motion to dismiss.
¶ 6. Motions for leave to amend are within the discretion of the trial court, *824 and absent an abuse of that discretion, this Court will not reverse. Frank v. Dore, 635 So.2d 1369, 1375 (Miss.1994). The court below denied Wilner's motion to amend her complaint on the ground that there had been no mistake in ascertaining the identity of the parties she sought to add as defendants. The court also held that since Wilner's motion to amend had been denied there was no relation back to the original complaint; therefore, the statute of limitations had expired as to the parties sought to be added, thus dismissal was warranted.
¶ 7. Rule 15(a) of the Mississippi Rules of Civil Procedure sets forth the requirements for amending complaints and provides, in pertinent part, as follows:
A party may amend his pleading as a matter of course at any time before a responsive pleading is served, or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within thirty days after it is served.... Otherwise, a party may amend his pleading only by leave of court or upon written consent of the adverse party; leave shall be freely given when justice so requires.
¶ 8. The Mississippi Supreme Court in Red Enterprises, Incorporated. v. Peashooter, Incorporated., 455 So.2d 793 (Miss.1984), (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)), held that the mandate of Rule 15(a) that leave to amend "shall be freely given when justice so requires" is to be heeded and if the underlying facts or circumstances relied upon by the plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. The court further held that in the absence of any apparent or declared reason, such as undue prejudice to the opposing party by virtue of allowing the amendment, futility of the amendment, etc., then leave should be "freely given." Red Enter., Inc., 455 So.2d at 795. There is no indication that there would be any undue prejudice caused by the allowance of Wilner's amended complaint.
¶ 9. This Court finds that under the "freely given where justice so requires" standard, Wilner should have been allowed to amend her complaint and to test her claim on the merits since even the few facts given appear to present a proper subject for relief. Estes v. Starnes 732 So.2d 251, 252(¶ 4) (Miss.1999). The motion to amend was filed within the statutory time allowed and should have been granted.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY DENYING APPELLANT'S MOTION TO AMEND COMPLAINT AND GRANTING APPELLEE'S MOTION TO DISMISS IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS OF THIS APPEAL ARE TAXED TO THE APPELLEES.
PAYNE, BRIDGES, THOMAS, LEE, IRVING, AND MYERS JJ., CONCUR. McMILLIN, C.J., DISSENTS WITH SEPARATE WRITTEN JOINED BY SOUTHWICK, P.J., AND CHANDLER, J.
McMILLIN, C.J., Dissenting:
¶ 11. I respectfully dissent. The motion for leave to amend was not filed until January 27, 1999, and the actual amendment could not be filed until that leave was obtained. There is no authority for the proposition that the effective date of the amendment is measured from the time of filing the motion seeking leave to amend. Rather, the date of filing of the amended complaint cannot be anything other than *825 the date it was actually filed. Even if we assume that the trial court abused its discretion when it refused to allow Wilner to amend her complaint to add additional defendants, that error could not possibly have occurred prior to August 20, 1999 the date on which Wilner finally noticed a hearing on her motion for leave to amend. Since Wilner's injuries occurred on January 29, 1997 (and since she does not contend that there was any "tolling period" for the limitation period as created by the Mississippi Supreme Court in Womble v. Singing River Hosp., 618 So.2d 1252, 1266 (Miss.1993)), correcting the trial court's perceived abuse of discretion would result in Wilner's amended complaint being deemed filed over six and one-half months after the limitation period had expired. Therefore, the only way that this amendment could have any effect would be for it to relate back to the original filing date of the complaint under Mississippi Rule of Civil Procedure 15(c). In my view, the amendment, even if allowed, would not meet the "relation back" requirements of the rule.
¶ 12. As the trial court correctly noted, one critical requirement for a belated amendment to relate back to the original filing date under Mississippi Rule of Civil Procedure 15(c) is that the plaintiff must have been operating under some mistake concerning the identity of the proper defendant at the time the original complaint was filed. M.R.C.P. 15(c)(2).
¶ 13. By admission of Wilner's counsel at the hearing on the motion to amend, there was no "mistake" concerning the identity of the proper defendant. Rather, at the time the suit was filed and for an extended period thereafter, Wilner's counsel was simply unsure as to whether Wilner had a viable claim against these two doctors whose identity she had long known. The attorney told the court that, through discovery, he was "trying to figure out this case" in terms of whether Wilner had a cause of action against these defendants and that it was only when he could not "figure out what's going on" that he concluded he did not "have any choice but to bring them in."
¶ 14. Rule 15(c) "relation back" is designed primarily to protect a plaintiff who, through some mistake, has sued the wrong entity. The Seventh Circuit Court of Appeals, in considering the parallel federal rule, said that
Rule 15(c)(2) permits an amendment to relate back only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where, as here, there is a lack of knowledge of the proper party.
Wood v. Worachek, 618 F.2d 1225, 1230 (7th Cir.1980). That court went on to say that "in the absence of a mistake in the identification of the proper party, it is irrelevant for the purposes of Rule 15(c)(2) whether or not the purported substitute party knew or should have known that the action would have been brought against him." Id.
¶ 15. The Mississippi Supreme Court has further narrowed the applicability of the "relation back" provisions of Rule 15(c)(2) to require that the party seeking to add or change defendants must demonstrate, not only the fact of some mistake, but that the mistake as to the proper party was one that could not have been avoided by undertaking "a reasonably diligent inquiry into the identity of" the proper party within the limitation period. Doe v. Mississippi Blood Serv., Inc., 704 So.2d 1016 (¶ 13) (Miss.1997).
¶ 16. Wilner has made no showing that she was hindered or prevented from investigating the facts surrounding her alleged *826 injuries or that she was somehow misled as to the role these additional defendants played in her treatment. On this record, her prolonged uncertainty as to whether there existed facts to support a malpractice claim against Drs. White and Durel is the sole apparent reason for her failure to bring these defendants into the case within the applicable two year limitation period. Even should this uncertainty be deemed a "mistake" for Rule 15(c) analysis (which I am unprepared to concede other than for sake of argument), the absence of evidence that this lack of knowledge persisted even after the reasonably diligent inquiry required by Doe v. Mississippi Blood Serv., Inc. is fatal to a "relation back" argument. Without this relation back, the claim against these defendants was barred by the statute of limitations by the time they could have properly been made parties. To permit them to be added as defendants under those circumstances would be an empty act.
¶ 17. The trial court was economizing limited judicial resources by simply denying the right to amend rather than permitting the amendment, only to subsequently dismiss these defendants when they inevitably raised the defense of the statute of limitations. I would affirm the trial court.
SOUTHWICK, P.J., AND CHANDLER, J., JOIN THIS SEPARATE WRITTEN OPINION.