862 So.2d 558 (2003)
Ricky KING, Appellant,
v.
AMERICAN RV CENTERS, INC. (American RV Mississippi, Inc.), Spartan Motor Chassis, Inc. and Forest River, Inc. Appellees.
No. 2002-CA-01462-COA.
Court of Appeals of Mississippi.
December 16, 2003.
*559 B. Sean Akins, Ripley, attorney for appellant.
William Albert Brown, Hernando, Wendell H. Trapp, Corinth, Arthur D. Spratlin, Richard M. Dye, Jackson, attorneys for appellees.
Before SOUTHWICK, P.J., THOMAS and IRVING, JJ.
IRVING, J., for the Court.
¶ 1. Ricky King appeals from a judgment of the Circuit Court of Alcorn County which dismissed his complaint against American R.V. Centers, Inc. (American), Spartan Motor Chassis, Inc., and Forest River, Inc. for failure to serve process on the defendants within 120 days. In his appeal, King states the issues, which we quote verbatim, as follows:
1. Whether or not filing an amended complaint before expiration of a statute of limitation is sufficient to prevent a cause of action from being dismissed under Rule 4(h) of the Mississippi Rules of Civil Procedure.
2. Whether Ricky complied with the requirement of Holmes to refile the complaint before the statute of limitation expired.
3. The Court should overrule Watters v. Stripling to provide that a statute of limitation is tolled from the time a defendant is served until the affirmative defense is ruled on by the trial court.
¶ 2. We find that the trial court erred in dismissing King's lawsuit; therefore, we reinstate the lawsuit and remand for further proceedings.

*560 FACTS
¶ 3. Ricky King purchased a 2000 motor home from American and accepted delivery on March 16, 2000. The motor home was manufactured by Forest River, and the chassis was manufactured by Spartan. The sale included a one-year warranty.
¶ 4. Soon after the purchase of the motor home, King began having problems with it. Throughout the summer and fall of 2000, he repeatedly delivered the motor home to American for repairs. In December of 2000, American sent the vehicle to Forest River for repair work. Forest River returned the motor home to American on March 14, 2001. The motor home was delivered to King a few days later.
¶ 5. Fearing that the one-year warranty would expire, King hired an attorney to file a lawsuit in the Circuit Court of Alcorn County, Mississippi. The complaint was filed on March 16, 2001.
¶ 6. Thereafter, King experienced another problem with the motor home and reported it to Forest River which shipped the repair part to him overnight. King continued to use the coach until another problem occurred in August. In early September 2001, he hired another attorney to file an amended complaint, with said complaint being filed on September 20, 2001. The amended complaint was served on Forest River on September 28, 2001, with Spartan and American being served shortly thereafter.
¶ 7. All of the defendants filed answers to the amended complaint. Forest River averred in the second defense of its answer and defenses that King had failed to comply with Rule 4 of the Mississippi Rules of Civil Procedure. American alleged in its answer that it was not properly and timely served with process. Thereafter, on December 17, 2001, and January 7, 2002, Forest River and American, respectively, answered discovery propounded to them by King. Then on March 19, 2002, Forest River filed a motion to dismiss claiming that the original complaint filed by King was not served within 120 days and that, pursuant to Rules 12(b) and 4 of the Mississippi Rules of Civil Procedure, the case should be dismissed. American and Spartan joined in the motion.
¶ 8. King filed a response claiming that his negotiations with Forest River constituted good cause and that his amended complaint met the requirement to refile the complaint within the statute of limitations to comply with Rule 4(h) of the Mississippi Rules of Civil Procedure. The trial court rejected King's arguments and on July 23, 2002, pursuant to Forest Rivers's motion, dismissed the case without prejudice.

ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 9. For the sake of brevity, and because Forest River was the movant in the motion to dismiss, we hereafter refer to all of the appellees collectively as Forest River.
¶ 10. Our task is to determine whether the filing of the amended complaint was sufficient to prevent the dismissal of King's action against Forest River. The trial court noted that King's cause of action was instituted on or about March 16, 2001. It found that the defendants were not served with a summons and the complaint during the 120-day period immediately following the filing of the complaint and that King did not seek or obtain an extension of time within which to obtain service of process. Moreover, the trial court opined that King had not demonstrated good cause as to why service was not made within the 120-day period provided by Rule 4(h). It therefore dismissed the complaint without prejudice.
*561 ¶ 11. In dismissing King's action, the trial court made no mention of the amended complaint. Presumably, the trial court considered the filing of the amended complaint to be irrelevant since the original complaint had not been served within 120 days.
¶ 12. Filing a complaint tolls the applicable statute of limitation for 120 days, but if the plaintiff fails to serve process on the defendant within that 120-day period, the statute of limitation automatically begins to run again after the expiration of the 120-day period. Holmes v. Coast Transit Authority, 815 So.2d 1183, 1185(¶ 7) (Miss.2002) (citing Watters v. Stripling, 675 So.2d 1242, 1244 (Miss. 1996)). In order to continue to seek legal redress against a defendant, a plaintiff who files a complaint against a defendant but does not serve the complaint on the defendant within a 120 day period must either re-file a complaint before the statute of limitation runs or show good cause for failing to serve process on the defendant within that 120 day period; otherwise, dismissal is proper. Id. at 1185 (citing Watters, 675 So.2d at 1244). The plaintiff bears the burden of establishing good cause. Id.
¶ 13. In the instant case, King filed a complaint on March 16, 2001, against Forest River pursuant to the Motor Vehicle Warranty Enforcement Act (Mississippi Code Annotated sections 63-17-151 through XX-XX-XXX). He had 120 days from that date in which to serve process on Forest River. M.R.C.P. 4(h). It is uncontradicted that King failed to comply with this requirement. Therefore, the statute of limitation began to run again on July 16, 2001.
¶ 14. As mentioned in our recitation of facts, King filed an amended complaint against Forest River on September 20, 2001. Actions brought pursuant to the Motor Vehicle Warranty Enforcement Act must be brought within one year following the expiration of the warranty or within eighteen months from the date of delivery of the motor vehicle to the consumer, whichever is earlier. Miss.Code Ann. § 63-17-159(6) (Rev.1996). Since King took delivery of the motor vehicle on March 16, 2000, the statute of limitation would run on September 16, 2001, barring any tolling of the statute.
¶ 15. When the statute of limitation began running again on July 16, 2001, six months remained before its expiration. Therefore, the statute would expire on January 16, 2002. Any new lawsuit would necessarily need to be refiled before that date should that become necessary as a result of the original lawsuit's being dismissed. Instead of refiling a complaint, King filed an amended complaint. This filing occurred almost two months after the expiration of the 120-day tolling period but almost four months prior to the running of the statute of limitation.
¶ 16. Relying on Watters and its progenies which includes Holmes, Forest River argues strenuously that the trial court was correct in dismissing King's action because he did not serve process on Forest River within 120 days of the filing of the original complaint. Forest River also argues that the filing of the amended complaint was of no legal consequence. Forest River points out that in Watters, the plaintiff also filed an amended complaint, yet that filing was insufficient to keep the plaintiff's lawsuit from being dismissed. On the other hand, King argues that the filing of the amended complaint essentially complies with the re-filing requirement enunciated in Holmes and Watters. King further argues that no Mississippi court has addressed the precise situation we face in the case-at-bar because in neither Watters nor Holmes was an amended complaint filed prior to *562 the expiration of the statute of limitation. Forest River counters that the statute of limitation is not an issue.
¶ 17. We agree with King that no Mississippi case has addressed the effect, if any, of the filing of an amended complaint on the propriety of a dismissal of a case under Rule 4(h)for want of service of the initial complaint within 120 days of filing when an amended complaint has been filed prior to the running of the statute of limitation. For this reason, we do not believe Watters or Holmes is absolutely dispositive of the issue before us. At first blush, the broad pronouncement in both Watters and Holmesthat when the 120 days have run the plaintiff has only two options, refile the complaint prior to the expiration of the statute of limitation or show good cause for not filing the original complaint within the 120-day periodappears to doom King's chances of prevailing.
¶ 18. However, we believe that the timely filing of an amended complaint is an important fact that should not be ignored. It is true, as Forest River points out, that in Watters an amended complaint was filed to no avail, but there is one major difference. There, the amended complaint was filed well beyond the running of the statute of limitation. In the case before us, when King filed his amended complaint, approximately four months remained on the statute of limitation.
¶ 19. It is also true, as Forest River further points out, that the Watters court held that "[t]he fact that dismissal may work to preclude [an] action because of the running of the statute of limitation is of no consequence." Watters, 675 So.2d at 1242. While Watters framed the issue being considered as "whether an action is properly dismissed if service is not effectuated within 120 days after filing," we read the word "action" in the context of the facts of that case, to mean the "original complaint" because that is what was not served and no pleading remained that arguably could be considered as preserving the appellants' cause of action. It just so happened that the dismissal of the complaint in Watters was tantamount to the dismissal of the cause of action because no other timely-filed pleading existed. Although Watters noted the tardy filing of the amended complaint, it said nothing about dismissing it. That omission is understandable because there was no need to consider whether it might have been sufficient to keep the appellants in court, and if so, on what basis. No need existed because the statute of limitation had run at the time the amended complaint was filed.
¶ 20. In the case-at-bar, as previously noted, an amended complaint was filed prior to the running of the statute of limitation. We set forth both the complaint and amended complaint as appendix I and appendix II, respectively, to this opinion. As can be readily observed, the amended complaint makes no reference to the original complaint. It is not dependant in any way for completeness on the original complaint. Had King taken a voluntary dismissal pursuant to Rule 41(a)(1)(i) of the Mississippi Rules of Civil Procedure and commenced a new action in which he filed an identical pleading titled as a "complaint" instead of filing it as an "amended complaint" in the same proceeding, we would not have this issue before us. King's amended complaint, for all practical purposes, was a complaint in and of itself. To dismiss his cause of action under these facts would amount to exhorting form over substance. We decline to do so.
¶ 21. We want to be clear that we are not finding that the 120 days to serve the original complaint were extended by the filing of the amended complaint in this case. When the original complaint was not served within 120 days, it was rendered *563 legally comatose, robbed of all its latent powers to command action. It could be aroused from its comatose state by an order upon a showing of good cause for its not being served with the 120 days, or it could be pushed toward death by a motion to dismiss. Here, the push occurred, and the complaint finally was pronounced dead by the order of dismissal which was entered approximately ten months after the filing of the amended complaint. In the interim, however, while the original complaint languished in its comatose state, King filed another complaint, labeled "amended complaint." However, at that time, because of procedural and technical reasons, he could not then file an amended complaint, although he was not precluded from filing a new complaint. We next explain the procedural and technical reasons.
¶ 22. Our rules of civil procedure contemplate the filing of an amended complaint in only two instances: when a complaint has been timely served but not answered, and when a complaint has been timely served and answered. M.R.C.P. 15. In the former situation, the amended complaint may be filed as a matter of course without the consent of either the court or the opposing party. In the latter, consent of the court must be acquired. In both of these instances, the complaint necessarily would have been served within either the initial 120 days permitted by Rule 4(h) or within an extension granted by the court upon a showing of good cause for not having effectuated service within the initial 120-day period.
¶ 23. In our case, King did not serve or attempt to serve the initial complaint. Having failed to do so, he could have, and should have, taken a voluntary dismissal pursuant to Rule 41(a)(1)(i) of the Mississippi Rules of Civil Procedure and then filed a new complaint instead of the amended complaint. Since he could not file an amended complaint but could file a new complaint, should his filing of a new complaint labeled amended complaint be tossed? We think not.
¶ 24. Consequently, we hold that on the special facts of this case, the trial judge erred in dismissing King's lawsuit or cause of action. Therefore, we reinstate the lawsuit and the cause of action as set forth in the amended complaint which we deem nothing less than a complaint using the wrong nomenclature.
¶ 25. THE JUDGMENT OF THE CIRCUIT COURT OF ALCORN COUNTY IS REVERSED, THE APPELLANT'S LAWSUIT REINSTATED, AND THE CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.

APPENDIX I

COMPLAINT
COMES NOW the Plaintiff, RICKY KING, and files this, his Complaint against the Defendants herein, and in support hereof would show unto the Court the following facts, to-wit:
1. That the Plaintiff is an adult resident citizen of Alcorn County, Mississippi.
2. That the Defendant American RV Centers, Inc. is a corporation engaged in the business of selling RV's and other motor home products, located and domiciled in Olive Branch, Mississippi.
3. That the Defendants Spartan Motor Chassis, Inc. and Forest River, Inc., are *564 the makers of chassises and coaches, respectively, and are located in Charlotte, Michigan and Goshen, Indiana, respectively.
4. The Plaintiff would further show that on or about the 21st day of March, 2001 he did purchase one (1) 2000 Reflection RV from American RV Centers, Inc., VIN # 4VZ12M1295YCO35262. This unit was new at the time of its purchase, and carried with it a three (3) year, 30,000 mile warranty. The CHASSIS was manufactured by Spartan, while the coach was manufactured by Forrest River.
5. The Plaintiff would further show that since the time of its purchase, the unit has been a non-conforming vehicle with respect to the express warranty. The Plaintiff would further show that since the time of its purchase, the vehicle has been in a state of disrepair for substantial length of time, including four (4) consecutive months in the shop for repairs, beginning with November of 2000 and lasting through the current time.
6. The Plaintiff would show that based on this, American RV Centers, Inc., Spartan Motor Chassis, Inc., and Forest River, Inc. have failed to correct the malfunctions in said vehicle, and that as a result of this the Defendants are in violation of Miss. Code Ann. Sec. XX-XX-XXX, et. seq.
7. The Plaintiff would show that since the Defendants have violated these provisions, he is entitled to either a new unit of [sic] a refund of his purchase price, along with all appendant costs and assessments, less a reasonable deduction for use of the vehicle.
8. The Plaintiff would submit that he paid approximately $117,000.00 for the unit, along with $18,000.00 in interest accrued on said loan, $600.00 for insurance on the unit, and $600.00 for the tag. In addition, the Plaintiff would submit that he has had virtually no use of the unit.
WHEREFORE, PREMISES CONSIDERED, the Plaintiff would ask that this Court, after a hearing and proper notice to the Defendants, give him a judgment in the amount of $175,000.00, representing a refund of his purchase price, all appendant costs, and damages for loss of use, along with a reasonable attorney's fee and Court costs. In the alternative, the Plaintiff would ask for a new unit comparable to the one he has purchased from the Defendant.
If the Plaintiff has not asked for proper relief, then he now asks for such relief as the Court deems necessary, proper and just.
Respectfully, submitted, this the 9th day of March, 2001.
 /s/ Ricky King
 Plaintiff
 /s/ Clay S. Nails
 Attorney for Plaintiff
 OF COUNSEL:
 CLAY S. NAILS
 ATTORNEY AT LAW
 511 FRANKLIN ST.
 P.O. BOX 834
 CORINTH, MS XXXXX-XXXX
 XXX-XXX-XXXX
 MSB# 9993

APPENDIX II

AMENDED COMPLAINT
COMES NOW, the Plaintiff, Ricky King, by and through his attorney of record and files, this his Amended Complaint and in support thereof would respectfully show unto this honorable Court as follows:
1. That the Plaintiff is an adult resident citizen of Alcorn County, Mississippi. That the Defendant, American RV Mississippi, Inc. is the successor corporation to American RV Centers, Inc. and is a Mississippi corporation which may be *565 served with process through its agent for service of process which is CT Corporation Systems, 631 Lakeland East Drive, Flowood, MS XXXXX-XXXX. That the Defendant, Spartan Motors Chassis, Inc. is a Michigan corporation doing business in the State of Mississippi who may be served with process through its agent for service of process who is Richard J. Schlater, 1000 Reynolds Road, Charlotte, Michigan 48813. That the Defendant, Forest River, Inc. is a foreign corporation doing business in the State of Mississippi which may be served with process through its agent for service of process who is Peter Liegl, 3010 East College Avenue, Goshen, Indian 46526.
2. The Plaintiff would show that on or about the 20th day of March, 2000, he purchased one (1) 2000 Reflection RV from American RV Centers, Inc., VIN 4VZ12M1295YCO35262. This unit was new at the time of its purchase and carried a one year, 10,000 mile warranty. The Plaintiff would show that the chassis was manufactured by Defendant Spartan and that the coach was manufactured by Defendant Forest River.
3. The Plaintiff would show that the Defendants have been unable to conform the motor vehicle to the provisions of the express warranty and that the inability of the Defendants to repair or correct the defects in the vehicle impair the vehicle's use, market value and safety.
4. The Plaintiff would further show that he has provided the Defendants with numerous opportunities to repair the motor vehicle that resulted in more than six (6) months of lost use within the first year of the ownership by the Plaintiff while the Defendants were attempting to make repairs.
5. The Plaintiff would further show that he has fully complied with his duties as outlined in the express warranty and in Mississippi Code Ann. § 63-17-151 et seq.
6. The Plaintiff would further show that the Defendants have failed to comply with their respective responsibilities as required by the express warranty and Mississippi Code Ann. § 63-17-159 and that the Plaintiff is entitled to the remedies outlined therein.
7. The Plaintiff would show that he is entitled to a refund of the purchase price of the vehicle together with the incidental costs, interest, insurance, taxes and tag.
8. The Plaintiff would further show that the Defendants have breached the implied and express warranties of merchantability and that the Plaintiffs have suffered damage as a result of that breach.
WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that the Court will award the Plaintiff a judgment against the Defendants for the sum of $17,000.00 which represents the original purchase price of the motor vehicle together with all collateral costs, including, but not limited to taxes, interest, tag. Additionally, the Plaintiff prays that the Court will award him damages for loss of use of the vehicle, costs, expenses and attorney's fees as provided by Mississippi Code Ann. § 63-17-159.
Plaintiff prays for general relief.
THIS, the 20th day of September, 2001.
 Respectfully submitted,
 FORTIER & AKINS, P.A.
 By: /s/ B. Sean Akins
 B. Sean Akins
 Attorney for Plaintiff
*566
 FORTIER & AKINS, P.A.
 108 E. JEFFERSON STREET
 RIPLEY, MISSISSIPPI 38663
 (662)837-9976