929 So.2d 343 (2005)
Iris M. WILNER, Appellant
v.
M. Neil WHITE, M.D., and Gulf Coast OB/GYN, P.A., Appellees.
No. 2003-CA-01733-COA.
Court of Appeals of Mississippi.
December 13, 2005.
*345 Henri M. Saunders, attorney for appellant.
Matthew Floyd Jones, Gulfport, attorney for appellees.
EN BANC.

MODIFIED OPINION ON MOTION FOR REHEARING
IRVING, J., for the Court.
¶ 1. Appellant's motion for rehearing is granted. The original opinion issued in this case is withdrawn, and this opinion is substituted in its place.
¶ 2. A motion for summary judgment was filed by a defendant doctor and his clinic who had been added as parties by an amended complaint.[1] The motion was granted on the basis that the amendment was made after the expiration of the period of limitations. The plaintiff appeals. We find that, based on the unique facts of this case, the amended complaint should be treated as an original complaint as to the added parties, and since the amended complaint was filed prior to the expiration of the statute of limitations, and a summons, along with the amended complaint, was served upon the added parties within the time period required by Mississippi Rules of Civil Procedure 4(h), the trial judge erred in granting summary judgment. Therefore, we reverse and remand.

FACTS
¶ 3. Iris M. Wilner was admitted to Singing River Hospital for a diagnostic laparoscopy on January 27, 1997. Immediately after the procedure, she noticed pain, weakness, and numbness in her left leg. The condition continued and she was diagnosed with compression neuropathy. On February 12, 1998, Wilner filed suit naming as defendants Singing River Hospital System, a nurse, and John Does 1-4. Wilner took Dr. M. Neil White's deposition on August 12, 1998. Dr. White worked with Gulf Coast OB/GYN, P.A.
¶ 4. On January 27, 1999, Wilner filed an amended complaint, without leave of court, naming four additional defendants. On that day, she also filed a motion for leave to amend. Among those who were newly named as defendants were Dr. White and Gulf Coast OB/GYN. Two other parties who were named in the new pleadings are not involved in this appeal. On April 22, 1999, White and Gulf Coast OB/GYN were served with a summons and the amended complaint. On July 13, 1999, Wilner filed are-notice of hearing on her motion for leave to amend, advising that the motion would be called up for hearing on August 20, 1999.[2] On November 29, 1999, the circuit court denied the motion and dismissed the amended complaint. In doing so, he found that Wilner's "amended complaint filed on the same date as the motion to amend on January 27, 1999, is ineffectual and is a nullity as there were never any proceedings before this court allowing the amended complaint." On appeal, we reversed and ordered that on remand the amendment be allowed. Wilner v. White, 788 So.2d 822 (Miss.Ct.App.2001). There is no evidence in the record that Wilner ever filed an amended complaint after remand. Apparently, all parties deemed the *346 amended complaint filed on January 27, 1999, was sufficient. White and Gulf Coast OB/GYN answered the amended complaint on August 9, 2001, and participated in discovery prior to filing the motion for summary judgment on March 31, 2003. In their answer, White and Gulf Coast OB/GYN did not raise the issue of the amended complaint not relating back. On White and Gulf Coast OB/GYN's new motion for summary judgment, based on the applicable statute of limitations, was then granted. The circuit court found that the amended complaint did not relate back to the original complaint and granted the motion.

DISCUSSION

1. First appeal
¶ 5. The reach of this Court's decision in the first appeal is one of the central disputes now on the second appeal. The initial appeal was from the trial judge's denial of Wilner's motion to amend in order to name White and Gulf Coast OB/GYN as defendants. We relied on the court rule which requires that "leave [to amend] shall be freely given when justice so requires." M.R.C.P. 15(a), quoted in Wilner, 788 So.2d at 824 (¶ 7). Only in exceptional circumstances should an amendment be refused, such as when actual prejudice to the opposing party would occur or due to futility of the amendment. Id. at (¶ 8). The Court then addressed only the prejudice issue, and stated that nothing in the record revealed "any undue prejudice caused by the allowance of Wilner's amended complaint." Id.
¶ 6. This is the point in our prior opinion that becomes the fulcrum on which application of the "law of the case" doctrine turns for today's issues. That doctrine prevents altering the earlier-determined legal principles at the time of later proceedings in the same case.
The doctrine of the law of the case is similar to that of former adjudication, relates entirely to questions of law, and is confined in its operation to subsequent proceedings in the case. Whatever is once established as the controlling legal rule of decision, between the same parties in the same case, continues to be the law of the case, so long as there is a similarity of facts. This principle expresses the practice of courts generally to refuse to reopen what has previously been decided. It is founded on public policy and the interests of orderly and consistent judicial procedure.
Florida Gas Exploration Co. v. Searcy, 385 So.2d 1293, 1295 (Miss.1980), quoting Mississippi College v. May, 241 Miss. 359, 366, 128 So.2d 557 (1961). When an appellate court considers a second appeal in a case that it previously reviewed, its prior holdings usually are not to be changed. Exceptions include obvious and significant errors that create an injustice, which could include intervening changes in the law. Florida Gas, 385 So.2d at 1295.
¶ 7. Our prior holding determined that the trial judge erred by denying an amendment to the complaint, since such amendments should be freely permitted. We held that "under the `freely given where justice so requires' standard, Wilner should have been allowed to amend her complaint and to test her claim on the merits since even the few facts given appear to present a proper subject for relief. Estes v. Starnes, 732 So.2d 251, 252 (¶ 4) (Miss.1999). The motion to amend was filed within the statutory time allowed and should have been granted." Wilner, 788 So.2d at 824 (¶ 9).
¶ 8. We did not specifically address whether the amendment would relate back, even though the dissent focused on *347 that issue. Nevertheless, the only logical conclusion to be drawn from our holding is that we implicitly held that the amendment should relate back to the filing of the original complaint. In the absent of a relation back, there was simply no way the plaintiff could "test her claim on the merits," as we held she was entitled to do. We should have been more explicit in our holding, for the issue of whether an amendment relates back is no perfunctory matter to be determined by implication from our resolution of other issues in the case.
¶ 9. Although we noted in our 2001 decision that Wilner filed her motion to amend and the amended complaint (without court approval) within the statutory time allowed, that is, prior to the running of the statute of limitations, we did not discuss the significance of this fact in relationship to our finding that the motion to amend should have been granted. Wilner, 788 So.2d at 824 (¶ 9). Nor did we discuss the fact that a summons and the amended complaint were timely served on the new parties. However, since our 2001 decision, the Mississippi Supreme Court decided Curry v. Turner, 832 So.2d 508 (Miss. 2002), which holds that the filing of a motion to amend does not toll the statute of limitations. Therefore, even if we had specifically and explicitly held that the timely filing of the motion to amend and the amended complaint (without court approval) tolled the statute of limitations, that could not now be the law of the case in light of the Curry decision by our supreme court.
¶ 10. The question now is whether, in the light of Curry, the trial court erred in granting summary judgment. It seems rather clear that unless (1) the amendment relates back to the original filing, (2) Curry is distinguishable, or (3) the amended complaint can be treated, for purposes of the added parties, as an original complaint, Wilner cannot prevail. We discuss these in turn.

2. "Relation back" of amendment
¶ 11. After the amendment was allowed on remand, Dr. White and Gulf Coast OB/GYN argued they were not fictitious parties under Mississippi Rule of Civil Procedure 9(h), that they were known to Wilner as possible defendants so there was no mistake as to their identity under Rule 15(c), and that the statute of limitations had expired. The trial judge agreed and granted judgment.
¶ 12. Mississippi Rule of Civil Procedure 15(a) states that "a party may amend a pleading as a matter of course at any time before a responsive pleading is served" or, at any other time, "only by leave of court or upon the written consent of the adverse party." Wilner did not amend her complaint prior to the serving of a responsive pleading, nor did she obtain the written consent of the parties to be added by the amendment. Therefore, she needed to acquire leave of court before amending her complaint.
¶ 13. A specific but subsequent part of the same Rule 15 on granting amendments sets the requirements.
Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by Rule 4(h) for service of the summons and complaint, the party to be brought in by amendment:

*348 (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining the party's defense on the merits, and
(2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. An amendment pursuant to Rule 9(h) is not an amendment changing the party against whom a claim is asserted and such amendment relates back to the date of the original pleading.
M.R.C.P. 15(c).
¶ 14. An initial question is the date on which to consider an amendment to be effective. Wilner filed the motion for leave to amend and an actual amendment on the last day of the limitation period, which was two years from the date of the alleged negligence. Miss.Code Ann. § 15-1-36 (Rev.2003) (two years to file on certain malpractice claims). Since Wilner needed leave of court to amend her complaint, the question is whether her motion for leave tolls the limitation period, or whether the order granting leave after remand could have, or should have, been effective retroactive to the date of filing of the motion. Since the first Wilner appeal, the Mississippi Supreme Court has evaluated the tolling issue. Curry v. Turner, 832 So.2d 508 (Miss.2002).
¶ 15. In Curry, the plaintiff was allowed to amend her complaint to add additional defendants. Id. at 510 (¶ 2). However, the court later dismissed the case because of its finding that the statute of limitations had expired prior to the amendment. Id. The Supreme Court affirmed. Id. at 513 (¶ 10). Curry argued that the statute of limitations is tolled if the motion to amend is made prior to the running of the statute. Id. at 510 (¶ 3). The Supreme Court rejected the concept of tolling. Instead, the issue is whether the Rule 15(c) standards on an amendment's relating back to a prior date had been satisfied. Id. at 513 (¶¶ 10-11).
¶ 16. We examine the specific facts of Wilner's amendment. Her attorney acknowledged that he knew at least by the time of a deposition on August 12, 1998, of the involvement of the doctor and clinic that were the subject of the amendment. The trial judge asked Wilner's counsel, "Did you learn anything in their deposition that would indicate to you that your client had a cause of action against [White and Gulf Coast OB/GYN] at that time?" Counsel answered, "Yes." At the 1999 hearing on the motion to amend, Wilner's attorney said that he had waited until the last day of the limitations period because he was unsure what kind of case he wanted to bring. He was in settlement negotiations with the hospital defendant and said that "it may not be necessary" to bring the new parties into the suit if the hospital settlement was satisfactory.
¶ 17. The trial court in granting summary judgment after our remand concluded as a matter of fact that Wilner and her attorney were aware no later than five months before the expiration of the limitations period of the identity of the new potential parties, could have included the new defendants at that time, and were "merely tardy" in making the amendment. We find essentially undisputed evidence to support that fact-finding.
¶ 18. The legal standards that are to be applied against those facts under Rule 15(c) as discussed in Curry are not complex. All parties agree that the amended complaint arose from the same "conduct, transaction, or occurrence" set forth in the original complaint, this being the January 27, 1997 laparoscopy. M.R.C.P. 15(c). A variety of matters may be the subjects of amendments, such as new claims or new defenses. An amendment that changes *349 the parties against which the claim is asserted will relate back if within the statute of limitations period and the additional 120 days for service of process, the new party has received such notice of the action as will prevent prejudice, and the new party knew or should have known "that but for a mistake concerning the identity of the proper party, the action would have been brought against the party." M.R.C.P. 15(c). If the complaint uses fictitious names because the plaintiff was "ignorant of the name of an opposing party and so alleges in his pleading," then an amendment to add the newly discovered actual party "relates back to the date of the original pleading." M.R.C.P. 9(h) and 15(c)(2).
¶ 19. There is little doubt that the new parties had almost from the beginning of Wilner's initial complaint "received such notice of the institution of the action that the [parties] will not be prejudiced in maintaining the [parties'] defense on the merits," and thus Rule 15(c)(1) was satisfied. The trial judge specifically found that adequate notice existed.
¶ 20. As to Rule 15(c)(2), two possibilities arise in which the amendment might be found to relate back. Wilner had initially named in the complaint four Rule 9(h) parties, four "John Does" as she called them. The Supreme Court has held that the relation back provision of Rule 15(c) as to fictitious parties named under Rule 9(h) was inapplicable when delay in adding the proper party continues beyond the time that a "reasonably diligent inquiry by the appellants into the history of the deceased's medical treatment would have revealed to appellants the identities of the persons they sought to identify" as a "John Doe" unnamed party. Womble By and Through Havard on Behalf of Womble v. Singing River Hosp., 618 So.2d 1252, 1267 (Miss.1993), but see Sparks v. Kim, 701 So.2d 1113, 1115 (Miss.1997) (limited an unrelated holding that had failed to find physician immunity in certain situations).
¶ 21. Well in advance of the date that she filed for leave to amend, Wilner was aware of the new possible defendants who are the subject of this proposed amendment. Under Womble, there was not reasonable diligence. Further, at the hearing on the amendment, the court asked if the motion was based on Rule 9(h). Wilner's counsel responded, "It is not based upon that." So the argument has not even been made that Rule 9(h) is a vehicle to use here.
¶ 22. The other means to satisfy the second requirement of Rule 15(c) for relation back is that the defendant whose joinder is sought "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." M.R.C.P. 15(c)(2) (emphasis added). Applying that concept to our facts, White and Gulf Coast OB/GYN must have known that absent some mistake by the plaintiff as to who the responsible doctor and clinic were, Wilner would have named them as defendants. We agree with Wilner that by the date of White's deposition five months before the expiration of the statute of limitations period, White knew well the potential of being sued. However, that deposition also provides the date that Wilner positively knew White and Gulf Coast OB/GYN were proper parties under her allegations. There has never been any suggestion that the plaintiff, especially after the deposition, misidentified or otherwise was mistaken about the identity of the responsible doctors. There was rather a conscious, knowing decision not to file suit against White and Gulf Coast OB/GYN.

3. The amended complaint
¶ 23. Although we find that the amendment does not relate back under the *350 provisions of Rule 15(c), our inquiry should not end here. As a result of the first appeal, Wilner was allowed by this Court to amend her complaint after the statute of limitations had expired. The motion for leave to amend and the amended complaint had been filed prior to the end of the limitations and service of process period. A summons and the amended complaint were served on White and OB/GYN within 120 days following the filing of the amended complaint. The motion, though, had not then been brought on for hearing until after the limitations and the process service window closed. The amended complaint did not drop any of the original parties. The amended complaint added four new parties although only two are involved in this appeal.
¶ 24. If Wilner had named the four new parties in a separate, original complaint and moved to consolidate the two cases, we would not have an issue with the statute of limitations, nor would there be an issue regarding relating back. Should she be denied the opportunity to proceed even though she filed suit against the new parties before the statute of limitations ran and had a summons and a complaint (although designated as an amended complaint) served on the new parties within the period of time required by Mississippi Rules of Civil Procedure 4(h)? We think not.
¶ 25. In King v. American RV Centers, Inc., 862 So.2d 558 (Miss.Ct.App.2003), we held that the trial court erred in dismissing an amended complaint, which was filed prior to the expiration of the statute of limitations, although the plaintiff could not technically file an amended complaint because there was no original complaint to amend. Id. at 562 (¶¶ 20-21). We found that at the time the plaintiff filed the amended complaint he could have filed an original complaint; therefore, he should not lose his day in court because of the technicality, that to do so would exhort form over substance. Id. We find our reasoning in King helpful here. If Wilner had not renamed the original parties in her amended complaint, this case would be virtually indistinguishable from King. The fact, however, does not seem to be a compelling reason for holding any differently than we did in King. Therefore, for the reasons discussed, we reverse and remand the grant of summary judgment.
¶ 26. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY GRANTING SUMMARY JUDGMENT IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.
KING, C.J., LEE, P.J., BRIDGES, CHANDLER AND GRIFFIS, JJ., CONCUR. MYERS, P.J., CONCUR IN RESULT ONLY. BARNES AND ISHEE, JJ., NOT PARTICIPATING.
NOTES
[1] Although we discuss the amended complaint as an amendment, it is technically inaccurate to do so because Wilner filed an amended complaint, not an amendment to her original complaint.
[2] We searched the record and were not able to find any evidence that Wilner had noticed her motion prior to July 13, even though the pleading which she filed on July 13 was entitled, "Re-notice of Hearing on Motion to Amend Complaint of Iris M. Wilner."