# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2011-CT-01028-SCT

*JEANETTE CARPENTER*

*v.*

*KENNETH THOMPSON BUILDER, INC.,*
*COASTAL MASONRY, PRO MOW LAWN CARE,*
*INC. AND CAPITAL SECURITY SERVICES, INC.*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 06/27/2011 |
| TRIAL JUDGE: | HON. ROBERT P. KREBS |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | A. NORRIS HOPKINS, JR. |
| ATTORNEYS FOR APPELLEES: | STEPHEN G. PERESICH |
| | PATRICK H. ZACHARY |
| | VICKI R. LEGGETT |
| | MARK D. NORTON |
| | RICHARD D. NORTON |
| | EDWARD C. TAYLOR |
| | KRISTI R. BROWN |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED AND THE JUDGMENTS OF THE JACKSON COUNTY CIRCUIT COURT ARE REINSTATED AND AFFIRMED - 08/21/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH

## NO. 2011-CT-01033-SCT

*JEANETTE CARPENTER*

*v.*

***KENNETH THOMPSON BUILDER, INC.,
COASTAL MASONRY, PRO MOW LAWN CARE,
INC., CAPITAL SECURITY SERVICES, INC.,
MALLETTE BROTHERS CONSTRUCTION, INC.
AND MISSISSIPPI TRANSPORTATION
COMMISSION a/k/a MISSISSIPPI DEPARTMENT
OF TRANSPORTATION***

| | |
|---|---|
| DATE OF JUDGMENT: | 06/27/2011 |
| TRIAL JUDGE: | HON. KATHY KING JACKSON |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | A. NORRIS HOPKINS, JR. |
| ATTORNEYS FOR APPELLEES: | STEPHEN G. PERESICH |
| | JOHANNA M. MCMULLAN |
| | PATRICK H. ZACHARY |
| | VICKI LEGGETT |
| | MARK D. NORTON |
| | RICHARD D. NORTON |
| | EDWARD C. TAYLOR |
| | KRISTI R. BROWN |
| | J. STEPHEN WRIGHT |
| | T. PHILLIP HUSKEY |
| | WILLIAM E. WHITFIELD, III |
| | KARA L. LIND |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED AND THE JUDGMENTS OF THE JACKSON COUNTY CIRCUIT COURT ARE REINSTATED AND AFFIRMED - 08/21/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**CHANDLER, JUSTICE, FOR THE COURT:**

¶1. We granted certiorari in this personal-injury negligence action to clarify state law on the doctrine of claim-splitting. After new defendants were identified during discovery on her original complaint, Plaintiff Jeanette Carpenter filed a motion to amend her complaint to include the newly discovered defendants. A hearing could not be scheduled in time for the trial court to approve the amendment before the expiration of the three-year statute of limitations. In an effort to avoid losing the opportunity to bring the new defendants into the litigation, Carpenter filed a second action before the statute of limitations ran, based on the exact same set of facts, in the same court, and naming the same new defendants named in the motion to amend. The trial court dismissed both cases. The cases were consolidated for purpose of appeal. We hold that Carpenter's procedural actions constituted impermissible claim-splitting as outlined by this Court in *Wilner v. White*, 929 So. 2d 315 (Miss. 2006). Therefore, we reverse the judgment of the Court of Appeals and affirm the judgments of the Jackson County Circuit Court.

## FACTS AND PROCEEDINGS BELOW

¶2. On August 15, 2007, Jeanette Carpenter tripped on some parking-lot striping tape at a welcome center on Interstate 10. The resulting fall caused injuries, including two broken wrists as well as lacerations and bruising to her face from the impact with the pavement.

¶3. On June 26, 2008, Carpenter filed a negligence suit against the Mississippi Department of Transportation and five John Does ("*Carpenter I*"). The case was assigned to Circuit Judge Kathy King Jackson. More than a year later, Carpenter moved to amend her complaint to add Mallette Brothers Construction, Inc., and J.L. McCool Contractors. Judge

3

Jackson granted the motion. This first amended complaint was filed within the statute of limitations.

¶4. On March 4, 2010, Carpenter filed a second motion for leave to amend her complaint. This time, she sought to add Kenneth Thompson Builders ("KTB"), Coastal Masonry, Pro Mow Lawn Care, and Capital Security as defendants. At this time, Carpenter had been aware of the existence of these potential defendants (via interrogatory responses) for almost a year. Carpenter attempted to set a hearing on the motion before the statute of limitations expired on August 15, 2010, but the parties were not able to select a hearing date agreeable to all parties.[1] The court ultimately approved the second amended complaint on November 12, 2010, after the statute of limitations had run.

¶5. On July 22, 2010, prior to the statute-of-limitations deadline and in light of the likelihood that the amendment would not be granted before August 15, Carpenter filed a second complaint ("*Carpenter II*"), also in the Circuit Court of Jackson County, naming KTB, Coastal Masonry, Pro Mow Lawn Care, and Capital Security as defendants. This case was assigned to Circuit Judge Robert Krebs. Carpenter filed various motions to consolidate the cases. The motions to consolidate were never ruled on at the trial level.

¶6. KTB and the other new defendants filed motions to dismiss both cases. Judge Jackson granted the motion to dismiss *Carpenter I* on the ground that the second amended complaint

---

[1] This included the limited availability of Carpenter's attorney due in part to overseas military deployment. The court did not permit telephonic participation for this type of hearing.

was filed after the statute of limitations had run.[2] This order granting dismissal was entered June 27, 2011. Judge Krebs granted the motion to dismiss *Carpenter II* on the ground that the second complaint impermissibly split Carpenter's cause of action in violation of *Wilner*. This order granting dismissal was entered on June 28th, 2011.[3]

¶7.     The Court of Appeals reversed both dismissals, rejecting the claim-splitting argument and finding that the two cases should be considered consolidated for purposes of remand. *Jeanette Carpenter v. Kenneth Thompson Builder, et al.*, 2013 WL 2180136 (Miss. Ct. App. 2013). The defendants appeal.

## DISCUSSION

1.     *Standard of review*

¶8.     Typically, we review motions to dismiss under a *de novo* standard. *Scaggs v. GPCH-GP, Inc.*, 931 So. 2d 1274, 1275 (Miss. 2006). While the question of whether the claim-splitting doctrine is applicable to a case is a question of law reviewed *de novo*, dismissals on the basis of the claim-splitting doctrine are made for the purpose of eliminating duplicative

---

[2] Carpenter had argued that the second amended complaint related back to the date of the original complaint under Mississippi Rule of Civil Procedure 9(h), thereby saving it from the statute-of-limitations bar. However, pursuant to the rules established by this Court in *Curry v. Turner*, 832 So. 2d 508 (Miss. 2002), and *Wilner*, 929 So. 2d 315, Judge Jackson found that the defendants were not fictitious parties under Rule 9(h) because the names of the new defendants had not been properly submitted in lieu of the previously listed John Does, but rather were merely added in addition to the John Does. Therefore, the claims against them did not relate back to the original complaint. In support of the inapplicability of Rule 9(h), KTB and the other the new defendants submitted affidavits that they were not aware of the existence or grounds of Carpenter's suit until served process for the second amended complaint.

[3] The court also granted the dismissal on the ground of priority jurisdiction. The Court of Appeals disagreed with the circuit court on that issue. Since we affirm dismissal on the ground of claim-splitting, we do not address priority jurisdiction.

5

litigation and for docket control. *See Kanciper v. Suffolk Co. Soc. for the Prevention of Cruelty to Animals, Inc.*, 722 F.3d 88 (2d Cir. 2013); *Katz v. Gerardi*, 655 F. 3d 1212, 1217 (10th Cir. 2011). Such dismissals are premised on the fact that the party in question is involved in a pending duplicative action in which the party's procedural and substantive due-process rights are being satisfied. Therefore, "[w]e will review for abuse of discretion when a [trial] court's 'dismissal for claim-splitting was premised in significant measure on the ability of the district court to manage its own docket,' and will reverse the [trial] court only if we find its judgment 'exceeded the bounds of the rationally available choices given the facts and the applicable law in the case at hand.'" *Katz*, 655 F.3d at 1217 (quoting *Big Sky Network Canada, Ltd. v. Sichuan Provincial Gov't*, 533 F. 3d 1183, 1186 (10th Cir. 2008)).[4]

2.      *The doctrines of res judicata and claim-splitting*

¶9.      We agree with the circuit court that *Carpenter II* violated this state's long-standing prohibition on claim-splitting. Since a final judgment was entered dismissing the defendants with prejudice from *Carpenter I* before a final judgment was entered dismissing *Carpenter II*, we additionally find it appropriate to affirm the dismissal of *Carpenter II* on the ground of *res judicata*.

¶10.     Claim-splitting has long been prohibited under Mississippi law and occurs when a plaintiff attempts to bring a duplicative action involving claims arising from a single body

---

[4] This standard does not extend to cases dismissed under the related doctrine of *res judicata*, or claim preclusion: ". . . different treatment is warranted because of the different results created by a dismissal under res judicata and claim splitting. A dismissal on res judicata grounds can stop a case in its tracks. . . . But with a dismissal on claim-splitting grounds, by its nature, the dismissed party is involved in another pending suit regarding the same subject matter against the same defendants." *Katz*, 655 F.3d at 1219.

of operative facts against the same defendants. *See Wilner v. White*, 929 So. 2d 315 (Miss. 2006); *Harrison v. Chandler-Sampson Ins., Inc.*, 891 So. 2d 224, 234 (Miss. 2005); *Alexander v. Elizie*, 621 So. 2d 909, 910 (Miss. 1992); *Kimball v. Louisville and Nat'l R.R. Co.*, 94 Miss. 396, 48 So. 230 (1909).

¶11.   "[P]laintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis v. Citibank*, *N.A.*, 226 F.3d 133, 139 (2nd Cir. 2000). "The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit. By spreading claims around in multiple lawsuits in other courts or before other judges, parties waste 'scarce judicial resources' and undermine 'the efficient and comprehensive disposition of cases.'" *Katz*, 655 F.3d at 1217 (quoting *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002)). "It is well-settled that a plaintiff may not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed." *Hartsel*, 296 F.3d at 990. "[T]he [United States] Supreme Court captured the general principle regarding claim-splitting:

> When the pendency of a [previously filed] suit is set up to defeat another, the case must be the same. There must be the same parties, or, at least, such as represent the same interest; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the title, or essential basis, of the relief sought must be the same."

*Katz*, 655 F.3d at 1217 (*quoting The Haytian Republic*, 154 U.S. 118, 124 14 S. Ct. 992, 38 L. Ed. 930 (1894)).

¶12.   Unlike the doctrine of *res judicata*, a final judgment is not required in order to apply a claim-splitting analysis; rather, the test is "whether the first suit, assuming it were final,

7

would preclude the second suit. This makes sense, given that the claim-splitting rule exists to allow [trial] courts to manage their docket[s] and dispense with duplicative litigation." *Katz*, 655 F.3d at 1218-19. In *Katz*, the Tenth Circuit held that "[t]he district court did not abuse its discretion by dismissing the [plaintiff] from this case for claim splitting" where "[the plaintiff] filed two cases in the same district court, involving the same subject matter, seeking the same claims for relief against the same defendants." *Id.* at 1219.

¶13.    This is not the first time we have provided an analysis of how Mississippi's prohibition on claim-splitting applies to the scenario at hand. Carpenter's procedural actions are identical to a scenario this Court expressly rejected in *Wilner*. *Wilner*, 929 So. 2d at 320. Wilner had filed a motion to amend her complaint to add new defendants. That motion was not approved by the trial court before the statute of limitations ran. On writ of certiorari, in holding that the Court of Appeals had found incorrectly that Wilner's amended complaint related back to the original complaint, saving it from the procedural bar, this Court also rejected the Court of Appeals' following hypothetical:

> If Wilner had named the four new parties in a separate, original complaint, and moved to consolidate the two cases, we would not have an issue with the statute of limitations, nor would there be an issue regarding [whether the amended complaint related back].

*Id.* (quoting *Wilner v. White*, 929 So. 2d 343, 350 (Miss. Ct. App. 2005)). We found that the above situation would constitute impermissible claim-splitting, stating:

> Respectfully, the Court of Appeals is mistaken in its assumption that Wilner could have properly named the new parties in a separate complaint. Had Wilner done this, she would have offended the long-standing principal [sic] of law in Mississippi prohibiting a party from splitting a cause of action into the subject of two different actions, reaching back to this Court's decision in *Kimball v. Louisville and Nat'l R.R. Co.*, 94 Miss. 396, 48 So. 230 (1909).

*See also* ***Harrison v. Chandler-Sampson Ins., Inc.***, 891 So. 2d 224, 234 (Miss. 2005); ***Alexander v. Elizie***, 621 So. 2d 909, 910 (Miss. 1992).[5]

***Wilner***, 929 So. 2d at 320. The Court of Appeals erred in construing ***Wilner*** as inapplicable to the facts of this case.

¶14.   The correct analysis to apply when determining whether the "identity-of-parties" element is met is to anticipate whether a final judgment will preclude the parties from further litigation based on the same set of facts. *See* ***Katz***, 655 F. 3d at 1218. Carpenter argues, and the Court of Appeals agreed, that the "identity-of-parties" element was not met for purposes of a claim-splitting analysis because KTB and the other new defendants had not yet formally been added as a party to the ***Carpenter I*** litigation at the time ***Carpenter II*** was filed; rather, the motion to amend the complaint to add them as defendants to ***Carpenter I*** was merely pending.[6] Not only is that the incorrect analysis to determine the "identity-of-parties" element, but the timeline clearly demonstrates that the motion to add the defendants as formal parties to ***Carpenter I*** was approved while ***Carpenter II*** was pending. The defendants were formal parties to both litigations simultaneously until the motion to dismiss ***Carpenter I*** was granted. Carpenter *was* "maintain[ing] two actions on the same subject in the same court,

---

[5] Even if we were to view our discussion in ***Wilner*** as dicta, as the dissent would, the rationale of that discussion is exactly applicable here and is the rationale we adopt in the case at hand.

[6] The separate opinion similarly focuses on the timeline of the parties' formal participation in the litigation. This is simply the incorrect standard to determine "identity-of-parties" and is irrelevant to a determination of whether Carpenter was attempting impermissibly to sidestep a procedural bar by bringing two suits against the same party in the same court on the same set of facts.

against the same defendant at the same time." *See* Sep. Op. ¶ 22 (quoting ***Curtis v. CitiBank***, N.A., 226 F. 3d 133, 139 (2nd Cir. 2000)). The identity-of-parties element was clearly met.

¶15.    Contrary to the separate opinion's argument, the arrival of the final judgment to one of two pending duplicative actions does not eliminate the relevance of a claim-splitting analysis; the question simply becomes, not whether a final judgment *will* preclude the duplicative litigation, but whether the final judgment that has now arrived *currently* precludes the duplicative litigation. Both a judgment on the substantive merits of the case and a dismissal of parties *with prejudice* due to procedural bars are final judgments that will preclude the parties from further litigation on the same set of facts. The rules governing timely addition of defendants would be meaningless if that procedural bar could be sidestepped by simply filing a second action in anticipation of an adverse ruling. Carpenter filed the second action in anticipation of, and in an attempt to sidestep, a final judgment that would preclude the defendants from litigation on this nucleus of facts.[7] This is exactly the type of scenario the claim-splitting doctrine is designed to protect against.

¶16.    Carpenter argues that, since the defendants' dismissal from ***Carpenter I*** was due to failure to get a hearing date in time, and therefore was a dismissal for "form" rather than "substance," ***Carpenter II*** should be preserved so that she does not lose her opportunity to bring the defendants into the litigation. The Court of Appeals opinion takes the position that consolidation of the two cases on remand would result in the timely service of process on the

---

[7] The final judgment would preclude a second action regardless of whether that judgment was in Carpenter's favor. The significance in anticipating the procedural bar is anticipating a final judgment with prejudice, regardless of which party prevails.

defendants in *Carpenter II* being imputed to *Carpenter I*. But "the rules nowhere contemplate the filing of duplicative law suits to avoid the statutes of limitations . . . ." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 224 (7th Cir. 1993). In *Serlin*, the Seventh Circuit affirmed dismissal of a duplicative action that was filed in an attempt to preserve a claim after service of process within the original action failed to conform with the rules. *Id*. at 221. The court stated:

> Serlin claims that [a special consideration] exists in the present case because, if his second suit is dismissed as duplicative of his first, and if his first is dismissed . . . for untimely service under Federal Rule 4(j), then he will be out of court and barred by the statute of limitations from refiling his . . . complaint. In light of this possible consequence, he argues, [the judge] abused his discretion in dismissing his complaint as duplicative.

> This argument is without merit. . . . Alongside this wholly legitimate concern for wise judicial administration is the fact that even if Serlin eventually does find himself out of court, that result will be entirely a consequence of the plaintiff's own failure to follow the rules.

*Id*. at 224.

¶17.    While we agree with Judge Krebs's comment that "I'm not insensitive to the difficulty in getting a hearing, counselor," no special circumstances are present to justify an exception to the procedural bar. The second motion to amend was filed almost a year after Carpenter became aware of the existence of the new defendants; multiple timely court dates were available for the parties to work with; Carpenter's own attorney had limited availability, and no bad faith is evident from any of the parties regarding the scheduling. We find that the trial court correctly characterized *Carpenter II* as a violation of the doctrine against claim-splitting, and the Court of Appeals erred in construing Carpenter's procedural maneuvers as

11

a permissible tactic for avoiding the impending statute-of-limitations bar on the second amended complaint in *Carpenter I*.

¶18.    Judge Jackson had dismissed the defendants with prejudice from *Carpenter I* by the time Judge Krebs dismissed *Carpenter II*. Because a final judgment is in play, we also apply a *res judicata* analysis to the dismissal of *Carpenter II*.[8] "The doctrine of res judicata bars parties from litigating claims 'within the scope of the judgment' in a prior action." *Anderson v. LaVere*, 895 So. 2d 828, 832 (Miss. 2004). "It is a doctrine of public policy designed to avoid the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibilities of inconsistent decisions." *Harrison*, 891 So. 2d at 232. The four identities Mississippi requires to be present for *res judicata* to apply are 1) identity of the subject matter of the action; 2) identity of the cause of action; 3) identity of the parties to the cause of action; and 4) identity of the quality of character of a person against whom the claim is made. *Hill v. Carroll County*, 17 So. 3d 1081, 1085 (Miss. 2009). The second amended complaint in *Carpenter I* and the complaint in *Carpenter II* contain the same identities required above. We find therefore that the final

---

[8] A *res judicata* analysis is relevant to this case in order to prevent confusion regarding these related yet distinct doctrines. A claim-splitting analysis is applicable when the final judgment is still pending, which is why part of the analysis is to anticipate the implications of the future final judgment. But once a final judgment is in play, the implications of the final judgment can be decided affirmatively and, as noted earlier, are subject to a stricter standard of review. The respective motions to dismiss *Carpenter I & II* proceeded neck-and-neck, and the chronological order in which the respective judgments of dismissal were entered is ultimately irrelevant and nondispositive to our affirmation of both dismissals.

judgment in *Carpenter I* precluded the defendants from further participation in *Carpenter II* on the ground of *res judicata*.

## CONCLUSION

¶19.   The circuit court appropriately dismissed the complaints filed against KTB, Inc., Coastal Masonry, Pro Mow Lawn Care, Inc., and Capital Security Services, Inc. The second amended complaint in *Carpenter I* was granted outside the limitations period, and the filing of *Carpenter II* violated this state's long-standing prohibition on claim-splitting. Judge Jackson's final order dismissing the defendants from *Carpenter I* precluded the defendants' participation in litigation brought by Carpenter on the same nucleus of facts under the doctrine of *res judicata*. We therefore reverse the judgment of the Court of Appeals and reinstate and affirm the respective judgments of the Jackson County Circuit Court dismissing *Carpenter I* and *Carpenter II*.

¶20.   **THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED AND THE JUDGMENTS OF THE JACKSON COUNTY CIRCUIT COURT ARE REINSTATED AND AFFIRMED.**

**RANDOLPH, P.J., PIERCE AND COLEMAN, JJ., CONCUR. LAMAR, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS AND KING, JJ. WALLER, C.J., AND DICKINSON, P.J., NOT PARTICIPATING.**

**LAMAR, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶21.   I agree with the majority's decision to affirm the trial court's dismissal of the Second Amended Complaint in *Carpenter I*,[9] but I disagree with its decision to affirm the dismissal

---

[9]The trial judge's Order dismissing *Carpenter I* dismissed Kenneth Thompson Builders, Coastal Masonry, Pro Mow Lawn Care and Capital Security Services only. Carpenter's action against MDOT, Mallette Brothers Construction and McCool Contractors

of *Carpenter II*. Because I find that *Carpenter II* is not barred by the doctrine of claim-splitting or by *res judicata*, I respectfully dissent in part.

¶22. In his Order dismissing *Carpenter II*, the trial judge found that Carpenter had "improperly filed this lawsuit contrary to the long-standing principal [sic] in Mississippi prohibiting a party from splitting a cause of action into the subject of two different actions." But Carpenter argues there is no claim-splitting because the "identity-of-parties" element is not present, and I agree. The majority correctly states that "plaintiffs have no right to maintain two actions on the same subject in the same court, *against the same defendant* at the same time." *Curtis v. CitiBank*, *N.A.*, 226 F.3d 133, 139 (2d. Cir. 2000) (emphasis added). Here, the trial judge dismissed the four defendants at issue (those named in the Second Amended Complaint) from *Carpenter I* on June 13, 2011.[10] So, at the time *Carpenter II* was dismissed based on impermissible claim-splitting (June 28, 2011), Carpenter was *not* maintaining two actions against the same defendants. Similarly, at the time Carpenter initiated *Carpenter II* (July 22, 2010), her motion to amend *Carpenter I* had yet to be ruled on, and so she was not maintaining two actions against the same defendants at that time either.

¶23. Both the majority and the trial judge relied heavily on this Court's decision in *Wilner v. White*, 929 So. 2d 315 (Miss. 2006), to support their holdings that Carpenter had impermissibly split her claims. But in my view, their reliance is misplaced. First, the *Wilner*

___

remains pending.

[10]The trial judge entered a memorandum Order of Dismissal on June 13, 2011, which granted the four defendants' motion to dismiss. She later entered another order of dismissal that certified the judgment as final under Rule 54(b) on June 27, 2011.

language relied on by the majority is mere dicta,[11] and its application in this case is therefore

not required.

¶24.    Secondly, and more importantly, the case cited by the *Wilner* Court as support for its

dicta, *Kimball v. Louisville and National Railroad Co.*, 48 So. 230 (Miss. 1909), is clearly

distinguishable from the case here.  In *Kimball*, the plaintiff brought suit against a railroad

company for injuries to his horse and wagon and was awarded a judgment at trial, which was

satisfied.  *Id.*  He then tried to bring suit *against the same railroad company* for injuries to

himself resulting from the same occurrence, which the Court disallowed.  *Id.* at 230-31.[12]

¶25.    Finally, the *Wilner* Court also cited a portion of Section 62 of the Restatement of

Judgments with approval, but it omitted the second comment to that Section, which states:

> The rule stated in this Section *presupposes a claim and judgment of a single
> plaintiff against a single defendant. It does not deal with situations in which*

---

[11]The majority places much emphasis on the following language from *Wilner*:

Respectfully, the Court of Appeals is mistaken in its assumption that Wilner
could have properly named the new parties in a separate complaint.  Had
Wilner done this, she would have offended the long-standing principal [sic] of
law in Mississippi prohibiting a party from splitting a cause of action into the
subject of two different actions, reaching back to this Court's decision in
*Kimball v. Louisville and Nat'l R.R. Co.*, 94 Miss. 369, 48 So. 230 (1909).

*Wilner,* 929 So. 2d at 320.

[12]The *Wilner* Court cited two other opinions in support of its claim-splitting dicta as
well.  *Wilner*, 929 So. 2d at 320.  But, just as in *Kimball*, those cases are inapposite to our
factual scenario here.  In *Harrison v. Chandler-Sampson Ins., Inc.*, the Court addressed
whether *res judicata* barred a plaintiff's *third* suit against the same defendant.  *Id.* at 226-
228.  And in *Alexander v. Elzie*, 621 So. 2d 909 (Miss. 1992), the Court found that a plaintiff
was barred on *res judicata* and collateral estoppel grounds from pursuing a claim for personal
injuries against an insurer who previously had been found liable for property damage.  *Id.*
at 909.

15

*there is a single event or transaction from which arise a number of claims by one person against several or by several persons against one or a number of persons.* Thus, a person may have a claim against a number of others on a joint and several contract or because of a joint tort; or a number of persons may be entitled to maintain actions for a single act . . . .

*Restatement (First) of Judgments* § 62 cmt. b (emphasis added).

¶26. The elements of claim-splitting are thoroughly discussed by the majority, and it is undisputed that identity of the parties is one. I am not convinced by the majority's reliance on dicta from *Wilner*, which was supported by cases that are clearly inapposite to our facts here. In sum, I find nothing in Mississippi caselaw or our Rules that would prevent Carpenter from maintaining *Carpenter II*, now that the four defendants at issue have been dismissed from *Carpenter I*.

¶27. Moreover, I simply cannot agree with the majority's statement that "Carpenter filed the second action in anticipation of, *and in an attempt to sidestep*, a final judgment that would preclude the defendants from litigation on this nucleus of facts." *See* Maj. Op. ¶ 15 (emphasis added). At the time Carpenter filed the second action, she had absolutely no way of knowing whether the judge ultimately would grant her motion for leave to amend. So she was not attempting to "sidestep" a final judgment; rather, she was preserving her opportunity to sue the four new defendants should the trial judge decide that they could not be added as defendants in the first action.

¶28. Finally, I also disagree with the majority's decision *sua sponte* to find that *Carpenter II* is barred by *res judicata*. The requirements for *res judicata* are well-known: "(1) identity of the subject matter of the action; (2) identity of the cause of action; (3) *identity of the parties to the cause of action*; and (4) identity of the quality or character of a person against

16

whom the claim is made." *EMC Mortage Corp. v. Carmichael*, 17 So. 3d 1087, 1090 (Miss. 2009) (emphasis added). The absence of any one of the elements is fatal to the defense of *res judicata*. *Harrison v. Chandler-Sampson Ins., Inc.*, 891 So. 2d 224, 232 (Miss. 2005). "In addition to the four identities, a fifth requirement is that the prior judgment must be a *final judgment that was adjudicated on the merits.*" *Carmichael*, 17 So. 3d at 1090 (emphasis added). The doctrine of *res judicata* prevents claims which were *actually litigated* in a previous action. *Harrison*, 891 So. 2d at 232 (emphasis added).

¶29.    Here – in addition to the lack of identity of the parties discussed above – there is no final judgment *on the merits*. The trial judge dismissed *Carpenter I* because she found that Carpenter did not properly substitute the four new defendants under Mississippi Rule of Civil Procedure 9(h). In my view, that certainly does not equate to a "decision on the merits," in which the claims against the four defendants at issue were "actually litigated." *See, e.g., Harrison*, 891 So. 2d at 229 ("[T]here must have been a right adjudicated or released in the first suit to make it a bar, and this fact must appear affirmatively . . . . [I]f the first suit was dismissed for defect of pleadings, or parties, or a misconception of the form of proceeding, or the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit.") (quoting *Costello v. United States*, 365 U.S. 265, 285, 81 S. Ct. 534, 544, 5 L. Ed. 2d 551 (1961)).

¶30.    Because I find that *Carpenter II* is not barred by the doctrines of claim-splitting or *res judicata*, I would reverse the trial judge's decision to that effect.[13]

_____

[13]To the extent that *Carpenter II* was dismissed based on priority jurisdiction, I disagree with that finding as well. "Priority jurisdiction typically applies when the same

**KITCHENS AND KING, JJ., JOIN THIS OPINION.**

---

lawsuit has been filed in two different courts, not in the same court. More importantly, that doctrine presupposes a pending action that the plaintiff can proceed upon and obtain 'adequate relief.'" ***Compere v. St. Dominic Jackson Mem'l Hosp.***, 71 So. 3d 607, 610 (Miss. 2011).